FILED
07-23-2025
Clerk of Circuit Court
Brown County, WI
2025CV001074
Honorable Timothy A Hinkfuss
Branch 7

**STATE OF WISCONSIN** **CIRCUIT COURT BRANCH ___** **BROWN COUNTY**

**ROSEMARY OLSON**
3335 County Road V.
Sturgeon Bay, WI 54235

plaintiff,

**SUMMONS**

**UNITEDHEALTHCARE INSURANCE COMPANY**
CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

**Case No: 25 - CV - ______**
**Action Code: 30107**
**Other Personal Injury**

and

**DEAN HEALTH PLAN, INC.**
CT Corporation System, Registered Agent
301 S Bedford Street Suite 1
Madison, Wisconsin 53703,

involuntary plaintiffs,

vs.

**COSTCO WHOLESALE CORPORATION**
CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

and

**ABC INSURANCE COMPANY**
Names pursuant to Wis. Stat. §807.12

defendants.

**THE STATE OF WISCONSIN**

**To each person named above as a defendant:**

You are hereby notified that the plaintiff, Rosemary Olson, named above, has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Clerk of Courts, 100 S Jefferson Street, Green Bay, WI 54301, and to BRIAN HODGKISS INJURY LAWYERS Attn: Brian Hodgkiss, plaintiff's attorneys, whose address is 330 W. College Ave., Suite 200, Appleton, WI 54911. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 23rd day of July, 2025

**BRIAN HODGKISS INJURY LAWYERS, LLC**
Attorneys for plaintiff, Rosemary Olson

By: *Electronically signed by Brian P. Hodgkiss*
Brian P. Hodgkiss
State Bar No. 1032444
330 W. College Avenue
Suite 200
Appleton, WI 54911
brian@hodgkisslaw.com
karlie@hodgkisslaw.com
Phone: (920) 441-5900
Facsimile: (920) 644-5308

FILED
07-23-2025
Clerk of Circuit Court
Brown County, WI
2025CV001074
Honorable Timothy A Hinkfuss
Branch 7

**STATE OF WISCONSIN** **CIRCUIT COURT BRANCH ___** **BROWN COUNTY**

**ROSEMARY OLSON**
3335 County Road V.
Sturgeon Bay, WI 54235

plaintiff,

**COMPLAINT**

**UNITEDHEALTHCARE INSURANCE COMPANY**
CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

**Case No: 25 - CV - ______**
**Action Code: 30107**
**Other Personal Injury**

and

**DEAN HEALTH PLAN, INC.**
CT Corporation System, Registered Agent
301 S Bedford Street Suite 1
Madison, Wisconsin 53703,

involuntary plaintiffs,

vs.

**COSTCO WHOLESALE CORPORATION**
CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703

and

**ABC INSURANCE COMPANY**
Names pursuant to Wis. Stat. §807.12

defendants.

**NOW COMES** the plaintiff, Rosemary Olson, by her attorneys, BRIAN HODGKISS INJURY LAWYERS, by Brian Hodgkiss, and as and for a complaint against the defendants shows to the court as follows:

**PARTIES**

1. Plaintiff Rosemary Olson, hereinafter Olson, is an adult resident of Door County, residing at 3335 County Road V Sturgeon Bay, Wisconsin 54235.

2. Upon information and belief, the involuntary plaintiff, UnitedHealthcare Insurance Company (hereinafter "UnitedHealthcare") whose principal office address is 185 Asylum Street Hartford, Connecticut and whose registered agent and address for service of legal process is CT Corporation System, 301 S Bedford Street Suite 1 Madison, Wisconsin 53703 is in the business of providing medical insurance UnitedHealthcare may have made payments for medical expenses on Olson's behalf and may claim a subrogated interest. UnitedHealthcare is joined as a proper party pursuant to Wis. Stat. §803.03(2).

3. Upon information and belief, the involuntary plaintiff, Dean Health Plan, Inc. (hereinafter "Dean Health Plan") whose principal office address is 1277 Deming Way Madison, Wisconsin 53717 and whose registered agent and address for service of legal process is CT Corporation System, 301 S Bedford Street Suite 1 Madison, Wisconsin 53703 is in the business of providing medical insurance. Dean Health Plan may have made payments for medical expenses on Olson's behalf and may claim a subrogated interest. Dean Health Plan is joined as a proper party pursuant to Wis. Stat. §803.03(2).

4. Upon information and belief, the defendant, Costco Wholesale Corporation (hereinafter "Costco"), is a foreign corporation, whose principle place of business is located at 999 Lake Drive Issaquah, Washington 98027. Costco's registered agent for process of service is CT Corporation System, 301 S. Bedford Street Suite 1 Madison, Wisconsin 53703.

5. Upon information and belief, the defendant, ABC Insurance Company, is an insurance corporation engaged in the liability insurance business and is licensed to do business in the State of Wisconsin. ABC Insurance Company issued a policy of insurance which provided coverage to Costco for the claims set forth herein. ABC Insurance Company is being named pursuant to Wis. Stats. §807.12 because its real name is unknown.

**FACTS**

6. The plaintiff hereby repeats and realleges paragraphs 1 through 5 of the complaint as though fully and completely set forth at length herein.

7. Upon information and belief, on December 14, 2023, Olson was a customer at a Costco store located at 2355 Costco Way in Green Bay, Wisconsin.

8. Upon information and belief, after spending 30 minutes in the store, she was in the back area where product demonstrations were taking place.

9. Upon information and belief, the area designated by Costco to conduct product demonstrations was made overly congested by placement of displays of automobile tires.

10. Upon information and belief, while trying a sample, a Costco employee moved a pallet behind Olson.

11. Upon information and belief, as Olson turned, she encountered the pallet cart being pushed by the employee.

12. Upon information and belief, the cart caught her foot, causing her to fall to the floor and suffer an injury.

**CLAIM 1 – NEGLIGENCE OF COSTCO**

13. The plaintiff hereby repeats and realleges paragraphs 1 through 12 of the complaint as though fully and completely set forth at length herein.

14. Upon information and belief, at all times relevant, Costco was the owner of the premises located at 2355 Costco Way, Bellevue, WI 54331 (hereinafter the "Premises").

15. Upon information and belief, at all times relevant Olson was present on the Premises with the express or implied permission of the possessor of the Premises.

16. Upon information and belief, at all times relevant Costco permitted a dangerous condition or trap to exist on the Premises.

17. Upon information and belief, Costco had actual or constructive knowledge of the dangerous condition or trap.

18. Upon information and belief, Costco had a duty not to permit said dangerous condition or trap to exist the Premises.

19. Upon information and belief, Costco was negligent for permitting a dangerous condition or trap to exist on the Premises.

20. Upon information and belief, as a direct result of Costco's negligence, Olson was injured, and has suffered damages as set forth below.

**CLAIM 2 – VIOLATION OF SAFE-PLACE STATUTE**

21. The plaintiff hereby repeats and realleges paragraphs 1 through 20 of the complaint as though fully and completely set forth at length herein.

22. Upon information and belief, at all times relevant herein, Costco was an "employer" within the meaning of the Wisconsin Safe-Place Statute, Wis. Stats. §§101.01 and 101.11 (hereinafter "Safe-Place Statute").

23. Upon information and belief, at all times relevant herein, Costco was the "owner" within the meaning of the Safe-Place Statute, of the Premises.

24. Upon information and belief, at all times relevant, the Premises was a "public building" within the meaning of the Safe-Place Statute.

25. Upon information and belief, at all times relevant, the Premises was a "place of employment" within the meaning of the Safe-Place Statute.

26. Upon information and belief, at all times relevant, Olson was a "frequenter" at the Premises within the meaning of the Safe-Place Statute.

27. Upon information and belief, at all times relevant, Costco violated the Safe-Place Statute by failing to keep the Premises in as safe a condition as the nature of the employment, the place of employment, or public building would reasonably permit such that frequenters might use the Premises in an ordinary and reasonable way without danger.

28. Costco's violation of the Safe-Place Statute constitutes negligence per se.

29. As a result of Costco's violation of the Safe-Place Statute, Olson was injured, and has suffered damages as set forth below.

**CLAIM 3 – NEGLIGENT TRAINING BY COSTCO**

30. The plaintiff hereby repeats and realleges paragraphs 1 through 29 of the complaint as though fully and completely set forth at length herein.

31. Upon information and belief, at all times relevant, Costco employed one or more person to perform services at the Premises.

32. Upon information and belief Costco recognized those services were necessary for the protection of third persons and their property.

33. Upon information and belief, said employees failed to exercise ordinary care in providing those services.

34. Upon information and belief, said employees' failure to exercise ordinary care in providing the services increased the risk of harm to third persons, including Olson.

35. Upon information and belief, as a result of Costco's failure to exercise ordinary care, in training said employees, Olson was injured, and has suffered damages as set forth below.

**DAMAGES**

36. The plaintiff hereby repeats and realleges paragraphs 1 through 35 of the complaint as though fully and completely set forth at length herein.

37. Upon information and belief, as a result of Costco's acts and omissions, Olson suffered personal injury, pain, suffering, loss of enjoyment of life, lost wages, and medical expenses, and may have suffered damages in other respects.

**JURY DEMAND**

Pursuant to Wis. Stat. § 805.01, plaintiff, Rosemary Olson, demands a trial by a jury of twelve persons.

**Wherefore**, the plaintiff, Rosemary Olson, demands judgment as follows:

A. Against the defendants, Gallagher Bassett and Costco Wholefoods Corporation in an amount representing plaintiff's actual damages;

B. An order setting forth the rights, if any, of each and every involuntary plaintiff;

C. An award of attorney's fees and costs as permitted by law; and

D. Such other and further relief as the court deems just and equitable.

Dated this 23rd day of July, 2025

**BRIAN HODGKISS INJURY LAWYERS, LLC**
Attorneys for plaintiff, Rosemary Olson

By: *Electronically signed by Brian P. Hodgkiss*
Brian P. Hodgkiss
State Bar No. 1032444
330 W. College Avenue
Suite 200
Appleton, WI 54911
brian@hodgkisslaw.com
karlie@hodgkisslaw.com
Phone: (920) 441-5900
Facsimile: (920) 644-5308